DEBO *v.* GAMBLE.

1. BROKERS—COMMISSIONS—CONTRACTS—PRINCIPAL AND AGENT.
   A real estate broker who had no agreement for compensation with the owner of the property, but learning it was for sale, obtained the price from the agent that had charge of the real estate, and who thereafter found a purchaser on land contract for the tract, was entitled to his commissions in an action against the agent upon evidence

that the agent took advantage of plaintiff's services to close the sale and charged his principal with a commission for securing the buyer.

2. SAME—TRIAL—CHARGE.

    *Held*, also, that the instructions of the court sufficiently presented defendant's contention to the jury and did not prejudice his claims as set forth in his requests to charge.

Error to Wayne; Wiest, J., presiding. Submitted April 6, 1915. (Docket No. 2.) Decided June 7, 1915.

Assumpsit in justice's court by Alfred Debo against James Gamble for a broker's commission. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*John D. Harger*, for appellant.

*Frank W. Atkinson*, for appellee.

MOORE, J. This suit was commenced in justice's court. The plaintiff declared on all the common counts in assumpsit, and filed a bill of particulars for "amount due from sale of three lots belonging to William Wente, $300." From a judgment in favor of the plaintiff for $90 the defendant appealed the case to the circuit court. The case was tried there before a jury, which rendered a verdict in favor of the plaintiff. From a judgment of $100.50, the case is brought here by defendant on writ of error.

The plaintiff had some dealings with defendant previous to the transaction involved here. It is his claim that he learned that Mr. Wente was the owner of a number of lots in Detroit, and that defendant was acting as his sales agent. The defendant had a desk at the office of Sherwood & Leland, at which office plaintiff called in April, 1912, to learn the price of

two lots. In the absence of Mr. Gamble he requested Mr. Leland to find out the price of the lots. Later he was told by Mr. Leland that the price was $1,600, and that Mr. Debo was told he must depend upon getting more than that amount for his compensation. Plaintiff handed Mr. Leland $5 and his check for $45. These were turned over by Mr. Leland to Mr. Gamble.

It is the claim of plaintiff that he made a contract May 2, with Mr. Harrison for the lots at $900 each, and that Mr. Harrison paid him $50; that Mr. Harrison sold to Mr. Rosenthal the contract, who in turn assigned his interest in the contract to Lowenburg Bros., on May 31st, and that soon thereafter a deed was made to them for the two lots and one other for $2,700, and that these deeds were delivered by the defendant, who applied the $50 paid by the plaintiff toward the purchase price, knowing that the plaintiff was the procuring cause of the sale. It is the further claim that defendant ignored the plaintiff in the transaction and collected from Mr. Wente $45 for each lot for making the sale.

The plaintiff called defendant as a witness. His testimony was evasive. He admits he knew Mr. Debo obtained from Mr. Leland the price of $1,600 for the two lots, and that the $50 paid by Mr. Debo to Mr. Leland was delivered to defendant, and that it was used to apply on the purchase price, but he denied that he had any knowledge that Mr. Debo was instrumental in making the sale, and claims to have made it himself. The first error discussed is—we quote from the brief:

"The court erred in overruling the defendant's objection to the following question on direct examination of the witness James Gamble as follows:

"*Q.* Did Mr. Wente pay any commission for the sale of those lots?

"*Mr. Harger:* I object to that as irrelevant, immaterial, and inconsistent.

"*The Court:* He may answer the question and give Mr. Harger an exception.

"*A.* I charged Mr. Wente for my services. I have done business for Mr. Wente for 20 years, and I simply make a charge for my services to him for what I think they are worth, if I think they are worth anything."

The argument seems to be based upon the theory that plaintiff brought his action to recover $300 for the sale of three lots, and that if the arrangement made with defendant had any validity, the plaintiff must bring his action against the owner. The plaintiff made no arrangement with the owner, but if his theory is true, he did make an arrangement with defendant that gave him a right to sell the lots, and that defendant, taking advantage of his work, made the sale, and a sum of money came into his hands as the result thereof. We think the testimony competent.

It is said the court erred in refusing to give the defendant's request to charge the jury as follows:

"I charge you that if you find from the evidence that the defendant received a certain sum of money from his principal for his services, growing out of the sale of the property, you cannot find a verdict for the plaintiff in this case unless you find from the evidence that the money so received by the defendant in equity and justice belonged to the plaintiff; and, to find that in justice and equity such money so received by defendant belonged to the plaintiff, you must find from the evidence that such sum of money so received from the sale of said lots by this defendant was in excess of the sum of $1,600, the purchase price which said plaintiff was to produce from said lots; and unless you find from the evidence that the money so received was in fact a part of the excess above the selling price, your verdict should be for the defendant of no cause of action."

The judge charged the jury upon that subject as follows:

"So, then, we now come to the remedy open to the

plaintiff in this case. It appears from the evidence that the defendant is not the owner of the lots. The lots were owned by Mr. Wente of Manistee, but the defendant in the case testifies that he has authority from Mr. Wente to sell the lots. I am of the opinion that the plaintiff in this case, even though he brought the Lowenburgs and procured them to buy the lots, cannot recover the difference between $800 and the price the lots brought; but if defendant had authorized the plaintiff to make sale of the lots and knew that he had procured the Lowenburg Bros., then I am of the opinion that the plaintiff in this case may recover the money that came into the hands of the defendant for the price of the lots, not the difference between $800 and $900, but the money that came to the defendant because of his sale of the lots.

"The defendant has testified that he got for the three lots that he sold $135. You may then consider that for each lot sold he received $45; that for the two lots he sold he received $90, and in equity and in conscience, in case he made the agreement as plaintiff claims, and in case plaintiff procured the purchaser, as the plaintiff claims, then in equity and good conscience the money defendant has received because of the sale of the lots, the commission or fee that is coming to the defendant, belongs to the plaintiff in this case, because it was earned under such circumstances by the plaintiff; and if you find from the evidence the agreement was made by the defendant and with Leland, and the defendant knew at the time of the sale that Lowenburg Bros. was a customer brought there by the plaintiff, then the plaintiff in this case may recover the commission or fee received by the defendant upon two lots, which would be $90.

"In case you cannot so find from the evidence, then your verdict will be for no cause for action.

"If you find for the plaintiff in this case and award him $90, then you will give him interest upon that sum at the rate of 5 per cent. per annum from the 1st of June, 1912, to this date. * * *

"Let me restate one proposition in the case. Did the defendant, through Mr. Leland, agree with plaintiff that plaintiff might sell the two lots at $800 each, and did plaintiff bring about the purchase by the Lowenburg Bros.? If the defendant through Leland

fixed the price of the lots with plaintiff at $800, and if he was paid $50 on the sale of the lots, the defendant not being the owner of the lots, he would be under no legal obligation to pay the plaintiff; but if plaintiff found a purchaser at $900, and the defendant used plaintiff's efforts finally and derived an additional sum, a sum set as commission from the owner on the sale, then he has received money that as between himself and the plaintiff belongs to the plaintiff, and plaintiff may recover such commission on the sale of the two lots, in the sum of $90. Follow the officer."

In view of the testimony of defendant that the lots sold for $900 each, and that he was paid by Mr. Wente $45 for each lot sold, and of his written request to charge, we cannot see wherein he was prejudiced by what the court said to the jury.

The other assignments of error have been examined, but do not call for discussion.

Judgment is affirmed.

Brooke, C. J., and McAlvay, Kuhn, Stone, Ostrander, Bird, and Steere, JJ., concurred.